UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEANETTE DOAKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:16-cv-2908-WTL-TAB |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Jeanette Doaks requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Doaks's application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## II. BACKGROUND

Doaks protectively filed for SSI on March 5, 2013, alleging that she became disabled on December 31, 2009, due to chronic asthma, bronchitis, arthritis of the spine, depression, and hypertension. Her application was denied initially on March 24, 2013, and upon reconsideration on July 31, 2013.

Thereafter, Doaks requested and received a hearing before an Administrative Law Judge ("ALJ"). A video hearing, during which Doaks was represented by counsel, was held by ALJ James Myles on February 12, 2015. An impartial vocational expert testified at the hearing. The ALJ issued his decision denying Doaks's claim on March 26, 2015. Additional evidence was submitted after the hearing. After the Appeals Council denied her request for review, Doaks filed this timely appeal.

## III. THE ALJ'S DECISION

At step one of the sequential evaluation, the ALJ determined that Doaks had not engaged in substantial gainful activity since March 5, 2013. At steps two and three, the ALJ concluded the claimant suffered from the following severe impairments: degenerative disc disease, asthma, chronic obstructive pulmonary disease (COPD), hypertension, osteoarthritis of the knees, endometriosis, and morbid obesity (20 CFR 416.920(c)), but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Doaks had the residual functional capacity ("RFC") to perform light work, except

> The claimant can stand and walk for two hours during an eight hour day. She can only walk short distances. The claimant can occasionally crouch, balance, stoop, climb, kneel, and crawl, but should avoid ladders, ropes, and scaffolds. The claimant can occasionally perform overhead reaching with the non-dominant left upper extremity. In addition, the claimant should avoid concentrated exposure to temperature extremes, wetness, humidity, and pulmonary irritants.

R. at 25. The ALJ concluded Doaks did not have any past relevant work but would be able to perform representative occupations such as cashier, ticket taker, table worker, and bench hand. Accordingly, the ALJ concluded that Doaks was not disabled as defined by the Act.

## IV.    EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Doaks's brief (Dkt. No. 15) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V.    DISCUSSION

Doaks first asserts that the ALJ erred in his finding that Doaks's statements concerning the severity, intensity, persistence and limiting effect of her symptoms were not entirely credible. The Court agrees.

Under the standard that was applicable at the time of the ALJ's decision, with regard to subjective symptoms such as pain, if a claimant had a medically determinable impairment that was reasonably expected to produce these symptoms, then the ALJ was required to evaluate the credibility of the claimant's testimony regarding the extent of those symptoms. "In determining credibility an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, *see* 20 C.F.R. § 404.1529(c); S.S.R. 96-7p,[2] and justify the finding with specific reasons." *Villano v.*

---

[2] S.S.R. 96-7p has been superseded by S.S.R. 16-3p, which the agency explained "eliminate[d] the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term" and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character."

4

*Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The regulations further provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2).

In this case, the ALJ determined that Doaks's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 27. After describing the medical evidence, the ALJ stated that Doaks's activities such as "performing self-care, cleaning, doing laundry, and living alone (Ex. 6F) belie total disability." R. at 28. However, the ALJ referred to only one report in the consultative examination regarding Doaks's ability to perform these activities. He ignored previous reports in the application and appeal forms. Further, he failed to address Doaks's testimony at the hearing that she lived with her husband and granddaughter and that they cleaned the house for her. Doaks also testified that she needed help getting in and out of the tub, that she couldn't walk distances, and that she couldn't cook. Her husband helped her put on clothes, but she was able to sit in a chair and brush her teeth and do her hair. She testified that her daughter and granddaughter did her grocery shopping but that she would go to stores to buy cleaning supplies. She would use electric carts when she would go to the store because she was unable to walk. She also explained that she had to use a chair to do her laundry.

As the Seventh Circuit has recognized,

> The critical differences between activities of daily living and activities in a fulltime job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases. *See Punzio v. Astrue*,

> 630 F.3d 704, 712 (7th Cir. 2011); *Spiva v. Astrue*, 628 F.3d 346, 351-352 (7th Cir. 2010); *Gentle v. Barnhart*, 430 F.3d 865, 867-868 (7th Cir. 2005); *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005); *Kelley v. Callahan*, 133 F.3d 583, 588-589 (8th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).

*Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). Here, the ALJ failed to recognize these differences.

"The determination of credibility must contain specific reasons for the credibility finding" and "must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (citation omitted). In addition, "[a]lthough an ALJ's credibility determinations are generally entitled to deference, this Court has 'greater freedom to review credibility determinations based upon objective factors or fundamental implausibilities, rather than subjective considerations' such as the claimant's demeanor." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016) (quotation omitted). The ALJ did not give sufficient reason for discrediting Doaks. This was error that must be corrected on remand by applying S.S.R. 16-3p.

On remand, the ALJ also shall take care to ensure at Step 5 that any jobs that he finds the claimant is capable of performing exist "either in the region where [the Plaintiff] live[s] or in several other regions of the country." C.F.R. § 404.1566. The ALJ also shall be sure to consider the cumulative effect of Doaks's obesity and the impact it has on her other impairments.

## VI.    CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 1/16/18**             _William T Lawrence_
                                    Hon. William T. Lawrence, Judge
                                    United States District Court
                                    Southern District of Indiana


Copies to all counsel of record via electronic communication.